251 P.2d 651

## FOOD JOBBERS, Inc. v. ELLIS.
### No. 5565.

Supreme Court of Arizona.
Dec. 22, 1952.

Darrell R. Parker, of Phoenix, for appellant.

Marvin Johnson, of Phoenix, for appellee.

DE CONCINI, Justice.

This is an appeal from a money judgment in favor of appellee, Ruby Ellis, plaintiff below. Plaintiff brought an action against appellant, Food Jobbers, Inc., hereinafter referred to as defendant, for wages earned covering overtime as a clerk in defendant's store. Plaintiff further alleged that by the terms of this oral agreement defendant promised and agreed to pay a salary of $30 per week for a forty-hour week, and one and a half time for

overtime or $1.12½¢ per hour. Plaintiff amended her original complaint by trial amendment and alleged that her employment began on September 11, 1950 and terminated on December 23, 1950. According to the amended complaint, plaintiff worked 14 hours per week overtime during the first two weeks of employment, and 44 hours overtime during the last week of employment. During the remaining 12 weeks she alleged that she worked 50 hours overtime each week. The amended complaint also stated that plaintiff, from November 6, 1950 until December 23, 1950, acted as manager of the store and that her salary was increased to $50 per week and her overtime rate was increased from $1.12½¢ per hour to $1.87½¢ per hour.

The case was duly submitted to a jury and the jury returned a verdict for $935.25 in favor of the plaintiff upon which judgment was entered. Motion for a new trial was denied.

The defendant has assigned four errors of the trial court. The first alleged error is that the lower court allowed plaintiff to introduce into evidence a deposition of one Clifton McCulloch, a witness for the plaintiff, when the deposition had not been filed in the cause as provided for by Section 21-724, A.C.A.1939. That section reads as follows:

"(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposi-

tion is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope indorsed with the title of the action marked 'Deposition of (here insert name of witness)' *and shall promptly file it with the court in which the action is pending or send it by registered mail to the clerk thereof for filing."* (Italics ours.)

Defendant contends that the above-mentioned portion is clearly mandatory and that the trial court's ruling admitting it in evidence was error. Defendant asserts no irregularity in the taking of the deposition, or that the testimony of the witness at the time the deposition was taken was not the same testimony read by plaintiff's attorney at the trial of the cause.

Section 21-1503, A.C.A.1939, which reads as follows, is applicable:

"*Harmless error.*—No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any er-

ror or defect in the proceeding which does not affect the substantial rights of the parties."

Under this section the trial court was within its discretion to either admit or deny the admission of the deposition in evidence. If the lower court had taken either course in the instant case, it would not have been reversible error and therefore we hold that its denial of defendant's motion was not prejudicial to defendant's rights. Furthermore, a reading of the deposition reveals that it did not corroborate plaintiff on the matter of overtime pay, but only on the question of the hours of her regular employment, which was not in dispute.

■ The second assignment was made on the ground of misconduct of plaintiff's attorney by making this remark to defendant's witness: "You were a little skeptical about paying her, too." That remark, while improper, was innocuous. The jury was instructed to disregard it. We see no prejudice.

■ The third assignment was the trial court's action in allowing a trial amendment of plaintiff's complaint to conform with the evidence. The court did not abuse its discretion in so allowing it. The defendant did not ask for a continuance under Section 21–449, A.C.A.1939. There was no error.

■ Defendant's fourth assignment deals with the excessiveness of the verdict. Defendant contends, because of the incon-sistencies in plaintiff's testimony, that she is unworthy of belief and it should be granted a new trial. We disagree. It is true that she was somewhat confused as to the status of her complaint before the trial amendment, but she apparently convinced the jury of her sincerity. Defendant's greatest criticism of her testimony goes to the time she worked after the store closed. Her hours were from 12 noon to 9 p. m. for two weeks; and from 9 a. m. to 9 p. m. thereafter until December 1st, and then from 9 a. m. to 8 p. m. to December 23rd. She testified that sometimes she left the store at 9:30 p. m. and other times as late as 10:30 p. m. The same inconsistency appeared as to Sundays, when her hours were from 8:30 a. m. to 12 noon. She testified she worked Sundays until 12:30, and 1:30 and even to 3 p. m. It was the province of the jury to reconcile inconsistencies, if any, in her testimony. This they apparently did, and where there is any substantial evidence to support the judgment we will not disturb it.

■ The only remaining question is, did the jury credit the defendant with the time plaintiff took for her meals? Both litigants testified that she was to have one hour off for her meals. However, plaintiff testified that defendant didn't supply relief help and therefore she never had over twenty minutes for her meals. Under plaintiff's own testimony defendant should be credited with 64 hours of time she spent at her

meals, 28 hours at $1.12½¢ per hour and 36 hours at $1.87½¢ per hour, or a total of $109.

The trial court is directed to reduce its judgment $109, defendant to have its costs on appeal. Section 34–121, A.C.A. 1939.

Judgment affirmed as modified.

UDALL, C. J., and STANFORD, PHELPS, and LA PRADE, JJ., concurring.